UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**     **CASE NO. 3:24-CR-00067-01**

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**CHARLES MONTGOMERY**     **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss Indictment [Doc. No. 22] filed by Defendant Charles Montgomery ("Montgomery"). An Opposition [Doc. No. 25] was filed by the United States (the "Government"), and a Reply [Doc. No. 27] was filed by Montgomery.

### I. BACKGROUND

On March 27, 2024, Montgomery was indicted in a one-count Indictment for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1).[1] Montgomery pled not guilty to the charge on October 7, 2024.[2] On October 9, 2024, Montgomery filed the pending Motion to Dismiss.[3]

In his Motion to Dismiss, Montgomery argues 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Montgomery under the Second Amendment to the United States Constitution, pursuant to the Supreme Court of the United States cases of *New York Rifle and Pistol Association, Inc. v Bruen*, 597 U.S. 1 (2022) (*"Bruen"*), *United States v Rahimi*, 144 S.Ct. 1889 (2024) (*"Rahimi"*), and the Fifth Circuit Court of Appeals case of *U.S. v. Diaz*, 116 F. 4th 458 (5th Cir. 2024) ("*Diaz*").

---

[1] [Doc. No. 2].
[2] [Doc. No. 18].
[3] [Doc. No. 22].

## II.     LEGAL ANALYSIS

### A.     *Heller* and *Bruen*

In *Bruen*, the Supreme Court held that when determining whether a firearm restriction is constitutional, the Court should first determine whether the Second Amendment's plain text covers the individual's conduct. If it does, the Constitution presumptively protects the conduct. To justify the regulation, the Government must demonstrate that the regulation is consistent with the United States' historical tradition of firearm regulation. Although the Supreme Court previously held the Second Amendment conferred an individual right to keep and bear arms, *District of Columbia v. Heller*, 554 U.S. 570 (2008), *Bruen* set forth the test to determine the constitutionality of a firearm regulation.

In *Heller*, the Supreme Court held the Second Amendment conferred an individual right to keep and bear arms. In discussing the right, the court stated:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, **nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons** and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626-27 (emphasis added). The above language referenced footnote 26, which reads, "We identify these **presumptively lawful regulatory measures** only as examples; our list does not purport to be exhaustive." *Id*. (emphasis added).

In *Bruen*, Justice Samuel Alito concurred, holding:

> That is all we decide. Our holding decides nothing about who may lawfully possess a firearm or the requirements to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. **Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, (2018) about restrictions that may be imposed on the possession or carrying of guns**.

2

142 U.S. at 2157 (J. Alito, concurring) (emphasis added).

Additionally, in a concurring opinion by Justice Kavanaugh, joined by Chief Justice Roberts, Justice Kavanaugh also **cited the language in *Heller*, stating that it did not cast doubt on the longstanding prohibitions, on possession of firearms by felons** and the mentally ill. *Id*. at 2162 (emphasis added).

In *Bruen*, three Justices (Roberts, Alito, and Kavanaugh) all confirmed what was said in *Heller* about not affecting the prohibition of possession of firearms by felons. No justice who voted to implement the *Bruen* test stated differently.

This Court previously ruled that it was only necessary to examine the first step in *Bruen* because the Second Amendment's plain text does not cover the conduct of convicted felons.[4] However, in *Diaz* the Fifth Circuit found the mention of "felons" in *Bruen* and *Heller* was "mere dicta" requiring an examination of *Bruen's* second step. Therefore, this Court will examine *Bruen's* second step, which requires the Government to demonstrate the regulation is consistent with the United States' historical tradition of firearm regulation. As applied to Montgomery, the question is whether regulation of possession of firearms by convicted felons is consistent with the United States' historical tradition of firearm regulation.

### B. Rahimi and Diaz

In *Rahimi*, the Supreme Court upheld the constitutionality of 18 U.S.C. § 922(g)(8), which makes illegal the possession of a firearm by a person who was subject to a domestic restraining order. *Rahimi* expanded on the analysis to be used in *Bruen's* second step, which requires the Government to demonstrate that the regulation is consistent with the United States' historical

---

[4] *U.S. v. Bradley,* 2024 WL 1557395 (W.D. La., April 10, 2024).

tradition of firearm regulation. Once a determination is made by the Court that the Second Amendment covers the conduct prohibited, the burden shifts to the Government to demonstrate that the regulated conduct is consistent with the Nation's historical tradition of firearm regulation.

In discussing this step, the Supreme Court held that the Government must "identify a well-established and representative historical analogue, not a historical twin."[5] Additionally, the Supreme Court stated evidence must be "relevantly similar" to the challenged law. In assessing similarity, we consider "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified."[6] The Supreme Court found surety laws and "going armed" laws showed regulating a person subject to protective order were consistent with the United States historical tradition of firearm regulation.

The Supreme Court further found regulations restricting persons subject to restraining orders from possessing firearms did not violate the Second Amendment.

In *Diaz*, Diaz was charged with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Diaz filed a Motion to Dismiss, alleging the statute violates the Second Amendment, both facially and as applied to him. Diaz was found in possession of a .45 caliber pistol, along with baggies of methamphetamine, xanax, and heroin.

The Court examined Diaz's prior convictions, which were theft of a vehicle and possession of a firearm as a felon in state court. In examining *Bruen's* first step, the *Diaz* court first found that Diaz (as a convicted felon), was among "the people" protected by the Second Amendment.[7]

The *Diaz* court then went into *Bruen's* second step, which required a determination of whether the regulation was consistent with the United States' historical tradition of firearm

---

[5] 144 S.Ct. at 1898.
[6] *Id*.
[7] 116 F. 4th at 466.

regulation. In this analysis, the court found it necessary to examine Diaz's specific prior convictions, and the court noted that felonies only included charges that were punishable by more than one year. Therefore, the *Diaz* court only considered the regulation of car theft and possession of a firearm as a felon in step two of the *Bruen* analysis.[8]

In examining the car theft charge, the court found that the United States regulated theft charges by the death penalty and by forfeiture of the entire estate.[9] Therefore, regulating felons convicted of car theft did not violate the Second Amendment because regulation of car theft was consistent with the United States' historical tradition of firearm regulation.[10]

The court then examined whether the regulation of possession of a firearm by a convicted felon was consistent with the United States' historical tradition of firearm regulation. The court found that felonies were punishable by death and/or weapon forfeiture. The court also examined writings and proposals from state constitutional conventions. The court found the right to bear arms was not unlimited and that the Government could prevent people who had committed crimes or were "quarrelsome" from accessing weapons.[11] Therefore, the court also found the regulation of felons convicted of possession of a firearm by a felon was consistent with the United States' historical tradition of firearm regulation.

Several cases have followed the *Diaz* analysis.[12] So will this Court.

---

[8] 116 F. 4th at 467.
[9] *Id*. at 467-68.
[10] *Id*. at 469-70.
[11] *Id*. at 470-71.
[12] *U.S. v. Collette*, 2024 WL 4457462 (5th Cir. 2024); *U.S. v. Wilson*, 2024 WL 4436637 (E.D. La., Oct. 6, 2024); *U.S. Benkowich*, 2024 WL 4555392 (S.D. Miss., Oct. 23, 2024); *U.S. v. Martinez*, 2024 WL 4508962 (N.D. Tex., Oct. 16, 2024); *U.S. v. Lanier*, 2024 WL 4457110 (W.D. Tex., Sept. 30, 2024); *Krant v. U.S.*, 2024 WL 4544122 (N.D., Tex., Oct. 22, 2024); and *Countreras-Orosiv v. U.S.*, 2024 WL 4341551 (N.D., Tex. Sept. 27, 2024).

### C. Application to Montgomery

Montgomery is charged with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). In accordance with *Diaz*, the plain text of the Second Amendment covers Montgomery's conduct. Therefore, the Second Amendment presumptively protects the conduct.

*Bruen's* Second Step requires the Government to demonstrate the regulation is consistent with the United States' historical tradition of firearm regulation. Montgomery's prior convictions were for Possession of Cocaine, Possession With Intent to Distribute Cocaine, and Attempted Possession of a Firearm by a Convicted Felon.[13] *Diaz* held that regulation of a Possession of a Firearm by a convicted felon conviction was consistent with the United States' historical tradition of firearm regulation since felonies were punishable by death, weapon forfeiture, and based upon various writings and proposal in state constitutions. This Court finds the same.

*Diaz* did not deal directly with drug offenses. However, since both charges are felonies, both would have been punishable by the death penalty and/or estate forfeiture and the regulation thereof is consistent with the United States' historical tradition of firearm regulation.

Additionally, possession of heroin and possession with intent to distribute heroin felonies were found to be consistent with the United States' historical tradition of firearm regulation.[14] The court found the defendant's permanent disbarment of firearms was justified based upon serious crimes showing the defendant may pose a risk of violence or danger to the public.

Likewise, this Court finds that discerning Montgomery's criminal history of prior convictions for Possession of Cocaine, Possession with Intent to Distribute Cocaine, and Attempted Firearm by a Convicted Felon is consistent with the United States' historical tradition of firearm regulation.

---

[13] [Doc. No. 25-1, 25-2, and 25-3].
[14] *U.S. v. Wilson* 2024 WL 4436637 (E.D. Louisiana, Oct. 6, 2024).

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Dismiss Indictment [Doc. No. 22] filed by Montgomery is **DENIED**.

Monroe, Louisiana this 7th day of November 2024.

                                      **TERRY A. DOUGHTY, JUDGE**
                                      **UNITED STATES DISTRICT COURT**